http://www.va.gov/vetapp16/Files6/1644930.txt

Citation Nr: 1644930 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 13-05 500 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania

THE ISSUES

1. Entitlement to an evaluation in excess of 50 percent for posttraumatic stress disorder (PTSD) and adjustment disorder with anxiety and depressed mood prior to April 16, 2014 (excluding a temporary total evaluation from January 2, 2014, to March 1, 2014).

2. Entitlement to an evaluation in excess of 70 percent for PTSD and adjustment disorder with anxiety and depressed mood on or after April 16, 2014.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran
ATTORNEY FOR THE BOARD

K. Osegueda, Counsel

INTRODUCTION

The Veteran served on active duty from February 2001 to February 2004. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from an August 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Augusta, Maine. 

In April 2013, the Veteran testified at videoconference hearing before the undersigned Veterans Law Judge at the RO. A transcript of that hearing has been associated with the record. 

In December 2013, the Board remanded the case to the Agency of Original Jurisdiction (AOJ) for additional development. 

In a May 2014 rating decision, the RO granted a temporary total evaluation, effective from January 2, 2014, due to the Veteran's hospitalization for PTSD. Thereafter, a 50 percent evaluation was assigned, effective March 1, 2014. In a June 2014 rating decision, the Appeals Management Center (AMC) increased the evaluation for PTSD to 70 percent, effective from April 16, 2014. Because the assigned disability ratings are not the maximum rating available, the issues remain on appeal and were returned to the Board for further appellate review. See AB v. Brown, 6 Vet. App. 35 (1993).

This appeal was processed using Virtual VA and the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

During the April 2013 hearing, the Veteran reported that she was treated by a VA psychiatrist at the VA Community Based Outpatient Clinic (CBOC) in Morgantown, West Virginia, as frequently as every month to every three months. She also indicated that she was treated at the Morgantown Veterans' Readjustment Clinic on a weekly basis. During an April 2014 VA PTSD examination, the Veteran indicated that she had been treated in the outpatient psychiatry clinic at the Clarksburg CBOC in Morgantown every three months since her last VA examination in May 2012. In addition, she noted that she participated in therapy twice per week at the Vet Center in Morgantown. A review of the claims file shows that VA psychiatric treatment notes from the Clarksburg VA Medical Center (VAMC) dated from May 2012 to December 2013 were associated with the record. However, there were no more recent VA treatment notes or Vet Center notes included in the claims file (other than from her inpatient treatment in 2014). Therefore, on remand, the AOJ should attempt to obtain any outstanding VA and Vet Center treatment records.

The Board also notes that additional evidence has been received since the AOJ last readjudicated the claim. The Veteran has not provided a waiver of the AOJ's initial consideration. Thus, the Board finds that a remand is required for the AOJ to issue a supplemental statement of the case (SSOC).

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for her service-connected PTSD and adjustment disorder with anxiety and depressed mood. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file. 

The AOJ should also obtain any outstanding VA medical records, to include records from the Clarksburg VAMC and CBOC dated from December 2013 to the present; the Morgantown Veterans' Readjustment Clinic; and the Morgantown Vet Center.

2. The Veteran should be afforded a VA examination to ascertain the current severity and manifestations of her service-connected PTSD and adjustment disorder with anxiety and depressed mood. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including any treatment records and assertions.

It should be noted that the Veteran is competent to attest to matters of which she has first-hand knowledge, including observable symptomatology. If there is a clinical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should report all signs and symptoms necessary for rating the Veteran's disability under the General Rating Formula for Mental Disorders. The findings of the examiner should address the level of social and occupational impairment attributable to the Veteran's PTSD. 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1 , copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review.

3. After completing these actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs.

4. When the development has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefits sought are not granted, the Veteran and her representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).